IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THELMA LANE,                      ) | |
|                                   ) | |
|     Plaintiff,                    ) | |
|                                   ) | |
| v.                                ) | No. 04-2756-Ml/P |
|                                   ) | |
| ROBERT HALF INTERNATIONAL, INC.,  ) | |
| d/b/a OFFICE TEAM,                ) | |
|                                   ) | |
|     Defendant.                    ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment, filed October 28, 2004.[1] Plaintiff responded in opposition on December 17, 2004. Defendant filed a reply to Plaintiff's opposition on December 28, 2004. For the following reasons, the Court GRANTS Defendant's motion.

**I.   Background**

The instant case arises from Plaintiff's allegations that she suffered unlawful race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.* Plaintiff was formerly

---

[1] On March 22, 2005, the Court issued an Order Directing Parties to Present Supplemental Materials Pursuant to Federal Rule of Civil Procedure 12(b). In that order, the Court determined that, pursuant to Rule 12(b), it would treat Defendant's Motion to Dismiss as one for summary judgment and dispose of the motion as provided by Rule 56. (Order Directing Parties to Present Supp. Mat.'s Pursuant to Fed. R. Civ. P. 12(b), Mar. 22, 2005, (Docket No. 22) at 2.)

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 4-27-05

employed by Defendant, Robert Half International, Inc., d/b/a Office Team.

In December of 2000, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[2] Plaintiff resigned from her employment with Defendant on August 6, 2001. On September 9, 2002, the EEOC issued to Plaintiff a Notice of Right to Sue letter. The notice informed Plaintiff that any lawsuit regarding her claims of discrimination must be filed within ninety days from the date she received the notice. (Pl.'s Compl., Ex. B.) Plaintiff filed her original Complaint on October 15, 2002, which was within the applicable ninety-day time period.[3]

On June 20, 2003, Defendant filed a motion for sanctions in the form of dismissal. On August 4, 2003, the Court entered an Order to Show Cause requiring Plaintiff to file a written response to Defendant's motion on or before August 15, 2003. Plaintiff did not respond to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent power, Plaintiff's Complaint was accordingly dismissed without prejudice on September 23, 2003. Plaintiff then commenced the

---

[2] From a review of Plaintiff's EEOC charge, it is unclear on which specific date in December Plaintiff filed her charge with the EEOC. (Mem. in Supp. of Def.'s Mot. to Dismiss, Ex. A.)

[3] This case was docketed as Lane v. Robert Half Int'l., Inc., Case No. 02-2778 D, United States District Court, Western District of Tennessee.

2

instant lawsuit by re-filing her original Complaint on September 23, 2004.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Supreme Court has explained that the standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1989).

So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**III. Analysis**

Plaintiff's September 23, 2004, Complaint alleged that she suffered unlawful race discrimination and retaliation under Title VII and the THRA. Defendant moves for summary judgment as to these claims on the grounds that they are time-barred.

**A.   Title VII**

Generally, a lawsuit alleging claims under Title VII must be brought within ninety days of receiving a notice of right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); See Seay v. Tennessee Valley Auth., 339 F.3d 454, 469 (6th Cir. 2003).[4] However, "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII." Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987).[5] Moreover, "state law tolling or savings provisions do not apply to the limitations periods expressly set forth in

---

[4] The statutory filing requirement, however, is not jurisdictional, and a Court may apply the doctrine of equitable tolling, "which permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence [s]he is unable to obtain vital information bearing on the existence of [her] claim." Seay, 339 F.3d at 469 (internal quotation marks omitted). In the instant case, the Court finds that the facts do not warrant the application of equitable tolling.

[5] In Wilson, a complaint that had been filed within the ninety-day Title VII statutory filing period was later dismissed without prejudice because Plaintiff did not properly perfect service on the Defendant. Wilson, 815 F.2d at 27. Plaintiff then re-filed an identical complaint over fifteen months after receiving her right to sue letter from the EEOC. Id. Noting that a "dismissal without prejudice leaves the situation the same as if the suit had never been brought" and does not toll Title VII's statutory filing period, the Sixth Circuit affirmed the District Court's dismissal of Plaintiff's Title VII complaint because it was untimely. Id. at 27-29.

4

Title VII." Wade v. Knoxville Util. Bd., 259 F.3d 452, 461 (6th Cir. 2001).

In the instant case, the EEOC issued to Plaintiff a notice of right to sue letter on September 9, 2002, and Plaintiff timely filed her original Complaint on October 15, 2002. That Complaint was subsequently dismissed without prejudice on September 23, 2003. Plaintiff re-filed her Complaint on September 23, 2004, well after the expiration of the ninety-day statutory filing period. The Court therefore finds that Plaintiff's present Complaint is untimely and accordingly GRANTS Defendant's motion for summary judgment as to Plaintiff's Title VII claims.

### B.  Tennessee Human Rights Act

Under the THRA, a claim shall be filed "within one (1) year after the alleged discriminatory practice ceases." Tenn. Code Ann. § 4-21-311(d). Plaintiff resigned from employment with Defendant on August 6, 2001, and filed her original Complaint more than one year later on October 15, 2002. Plaintiff contends, however, that she timely filed her THRA claims because she filed the present action within one year of the September 23, 2003, dismissal of her original Complaint.

The Tennessee Court of Appeals recently decided that Tenn. Code Ann. § 28-1-105, the Tennessee savings statute,[6] applies to

---

[6] The savings statute, provides, in pertinent part, that:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any
(continued...)

claims brought under the THRA against private employers. <u>Parnell v. APCOM, Inc.</u>, No. M2003-00178-COA-R3-CV, 2004 WL 2964723 at *6 (Tenn. Ct. App. Dec. 21, 2004). Nonetheless, in order to take advantage of the savings statute, Plaintiff must have filed her original claim within the one year statute of limitations. Tenn. Code Ann. § 28-1-105(a); <u>Gregory v. McCulley</u>, 912 S.W.2d 175, 177 (Tenn. Ct. App. 1995). Because Plaintiff did not file her original Complaint within the one year statute of limitations, the savings statute has no application in the present case.

Accordingly, the Court finds that Plaintiff's THRA claims against Defendant are time-barred and GRANTS Defendant's motion for summary judgment as to Plaintiff's THRA claims.

---

(...continued)
> ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a).

6

**IV.   Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment as to all of Plaintiff's claims.

So ORDERED this 26 day of April, 2005.

                                           /s/ Jon P. McCalla
                                           JON P. McCALLA
                                           UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02756 was distributed by fax, mail, or direct printing on April 27, 2005 to the parties listed.

---

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Howard L. Cleveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Victoria Gillard
LAW OFFICE OF VICTORIA GILLARD
100 N. Main St.
Ste. 408
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT